UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARAMCHAND SAMAROO,

                Plaintiff,

-against-

THE BANK OF NEW YORK MELLON,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/7/2022_

21 Civ. 2441 (AT) (KHP)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    On March 19, 2021, Plaintiff *pro se*, Karamchand Samaroo, filed a complaint pursuant to Section 806 of the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A, against Defendant, the Bank of New York Mellon ("BNYM"). *See* Compl., ECF No. 2. Plaintiff claims that Defendant unlawfully terminated his employment because he engaged in protected whistleblowing activity by raising internal complaints and concerns about fraud. *See generally id*. On May 5, 2021, Defendant filed a motion to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 12. Then, on May 10, 2021, the motion was referred to the Honorable Katharine H. Parker for a report and recommendation. ECF No. 17.

    Before the Court is Judge Parker's Report and Recommendation (the "R&R"), dated October 5, 2021, which recommends that Defendant's motion to dismiss be granted, and the complaint be dismissed without prejudice. R&R, ECF No. 25.[1] For the reasons stated below,

---

[1] Having received no objections to the R&R, the Court adopted the R&R on December 13, 2021. December 13 Order, ECF No. 26. But, after Plaintiff informed the Court that he had not received a copy of the R&R, *see* ECF No. 27, the Court vacated the December 13 Order and allowed Plaintiff to file objections, *see* ECF No. 28. Plaintiff timely filed objections to the R&R, Pl. Obj., ECF No. 29, and Defendant timely filed a response, Def. Resp., ECF No. 30.

Plaintiff's objections are OVERRULED, and the Court ADOPTS the R&R in its entirety. Accordingly, the complaint is DISMISSED without prejudice to renewal.

## DISCUSSION[2]

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). And, the Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no

---

[2] The Court presumes familiarity with the facts and procedural history, as detailed in the R&R, *see* R&R at 1–5, and does not summarize them here.

2

party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II. Plaintiff's Objections

Plaintiff makes the following objections to the R&R: (1) the R&R used the wrong legal standard; (2) the R&R "credit[ed] the fraudulent documents attributed to" two of Defendant's employees; and (3) the R&R "[d]etermin[ed], without any analysis of Plaintiff's specific rationales, that . . . Plaintiff did not plausibly explain the lack of Defendant's appropriate internal controls and processes, the coordination of Defendant's employees to gaslight [and] harm Plaintiff[,] and engage in a cover-up[] that would harm [BMNY], its employees, customers, shareholders, investors, and the public interest and trust in financial institutions and the government regulatory agencies." Pl. Obj. at 2. Although the first two objections are "specific and clearly aimed at particular findings" in the R&R, the third objection is merely a general attack on the R&R's assessment of Plaintiff's factual allegations. *See Pinkney*, 2008 WL 2811816, at *1. The Court shall, therefore, conduct a *de novo* review of the R&R as it relates to the first two objections, and review the remainder of the R&R for clear error. *See Wallace*, 2014 WL 2854631, at *1; *Bailey*, 2014 WL 2855041, at *1.

As to the first objection, the Court concludes that the R&R used the proper standard for assessing Plaintiff's SOX claim. Because it was assessing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the R&R "accept[ed] all [of Plaintiff's] factual allegations as true and dr[ew] all reasonable inferences in favor of . . . [P]laintiff." R&R at 5. It also looked to determine if the complaint "contain[ed] sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). And, in deference to Plaintiff's *pro se* status, it interpreted Plaintiff's complaint "liberally by

3

inferring the strongest possible legal argument suggested therein." *Id*. at 6 (citing *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).  This is the proper standard to apply when resolving a motion to dismiss filed against a *pro se* litigant.  *See Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Hill*, 657 F.3d at 122.

The R&R also applied the correct legal standard for SOX claims, and determined whether Plaintiff had alleged that "(1) he engaged in protected activity; (2) the employer knew that he engaged in the protected activity; (3) he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action."  R&R at 7; *see also Tonra v. Kadmon Holdings, Inc.*, 405 F. Supp. 3d 576, 589 (S.D.N.Y. 2019).  Moreover, to the extent Plaintiff suggests that the R&R improperly deferred to findings made in administrative proceedings before the Occupational Safety and Health Administration ("OSHA"), *see*, *e.g.*, Pl. Obj. at 18, the Court disagrees.  Although the R&R discussed such proceedings in the background section, *see* R&R at 2, 5, the R&R does not defer to the conclusions reached by OSHA or the Administrative Law Judge, *see generally id*.  Rather, the R&R conducts a *de novo* assessment of Plaintiff's claims.  *See id*. at 8–10.

Furthermore, the Court finds that the R&R did not improperly rely on documents provided by Defendant's employees.  Indeed, the R&R specifically disclaims any reliance on materials submitted by Defendant.  *Id*. at 2.

The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none.  Accordingly, Plaintiff's objections are OVERRULED, and the Court ADOPTS the R&R in its entirety.  Defendant's motion to dismiss the complaint is, therefore, GRANTED, and the complaint is DISMISSED without prejudice to renewal.

4

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, and the Court ADOPTS the R&R in its entirety. Defendant's motion to dismiss the complaint is, therefore, GRANTED, and the complaint is DISMISSED without prejudice to renewal. Any requests for leave to file an amended complaint shall comply with the directions in the R&R, *see* R&R at 10, and be made within 21 days from the date of this order.

The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: September 7, 2022
      New York, New York

_____
ANALISA TORRES
United States District Judge