UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARAMCHAND SAMAROO,

               Plaintiff,

-against-

THE BANK OF NEW YORK MELLON,

               Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/14 /2023___

21 Civ. 2441 (AT) (KHP)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Karamchand Samaroo, filed this action pursuant to Section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, against Defendant, the Bank of New York Mellon, alleging that Defendant unlawfully terminated his employment because he engaged in protected whistleblowing activity by raising internal complaints and concerns about fraud. *See* Compl., ECF No. 2. On September 7, 2022, the Court adopted the report and recommendation of the Honorable Katharine H. Parker in its entirety and dismissed the complaint without prejudice to renewal. ECF No. 34. The Court directed that "[a]ny requests for leave to file an amended complaint shall . . . be made within 21 days from the date of th[at] order." *Id.* at 5. Plaintiff did not file an amended complaint; instead, he appealed the Court's order to the Second Circuit. The Second Circuit affirmed the order. *Samaroo v. Bank of New York Mellon*, No. 21 Civ. 2441, 2023 WL 3487061, at *1 (2d Cir. May 17, 2023). On May 23, 2023, Plaintiff moved for leave to file an amended complaint. ECF No. 40. On May 31, 2023, the Court referred the motion to Judge Parker for a report and recommendation. ECF No. 41.

    Before the Court is Judge Parker's Report and Recommendation (the "R&R"), dated July 28, 2023, which recommends that Plaintiff's motion be denied, the case remain closed, and the Second Circuit's judgment undisturbed. R&R at 3, ECF No. 47. On August 8, 2023, Plaintiff

filed his objections to the R&R.  Pl. Obj., ECF No. 49.  For the reasons stated below, Plaintiff's objections are OVERRULED, and the Court ADOPTS the R&R in its entirety.

## DISCUSSION[1]

I.     Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the court reviews de novo those portions of the R&R to which objection is made.  *Id.*; Fed. R. Civ. P. 72(b)(3).  However, when "a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R&R strictly for clear error.  *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018); *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger de novo review.").  Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."  *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record."  *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).  An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has

---

[1] The Court presumes familiarity with the facts and procedural history, as detailed in Judge Parker's first report and recommendation, *see* ECF No. 25 at 1–5, and does not summarize them here.

been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

## II. Plaintiff's Objections

Plaintiff's objections are not aimed at any particular findings in the R&R. *See Bailey*, 2014 WL 2855041, at *1. Instead, Plaintiff makes "conclusory or general objections" and "simply reiterates [his] original" arguments in his memorandum in support of his motion for leave to amend. *Wallace*, 2014 WL 2854631, at *1; *compare* Pl. Obj. at 9–12, *with* ECF No. 44. The Court thus reviews Plaintiff's objections for clear error and concludes that Judge Parker did not clearly err in her analysis of Plaintiff's motion. R&R at 2–3.

The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none. Accordingly, Plaintiff's objections are OVERRULED, and the Court ADOPTS the R&R in its entirety. Plaintiff's motion for leave to amend is DENIED.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections to the R&R and ADOPTS the R&R in its entirety.

The Clerk of Court is directed to terminate the motions at ECF Nos. 40, 43, and 51.

SO ORDERED.

Dated: November 14, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge

4