```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/25/2025____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Karamchand Samaroo,

          Plaintiff,

-against-

The Bank of New York Mellon,

          Defendant.

21 Civ. 2441 (AT) (KHP)

**ORDER ADOPTING REPORT AND <u>RECOMMENDATION</u>**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Karamchand Samaroo, filed this action against his former employer, Defendant Bank of New York Mellon ("BNYM"), alleging that BNYM terminated his employment because he engaged in protected whistleblowing activity, in violation of Section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A. *See generally* Compl., ECF No. 2. After a long and contentious procedural history, which included the Court's dismissal of Samaroo's complaint and unsuccessful appeals by Samaroo, BNYM moved for sanctions against Samaroo. ECF No. 53. Pursuant to an order of reference, the Honorable Katharine H. Parker issued a report (the "R&R") recommending that the motion for sanctions be denied. R&R at 7, ECF No. 70. Before the Court are Samaroo's objections to the R&R. Objs., ECF No. 71. For the reasons stated below, the Court adopts the R&R in full and denies BNYM's motion for sanctions.

**LEGAL STANDARD**[1]

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the Court reviews *de novo* the portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). But when a party does not object, or "makes

---

[1] The Court presumes familiarity with the facts and procedural history of this case. *See* ECF No. 25 at 1–5.

only conclusory or general objections, or simply reiterates [its] original arguments," the Court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014). A finding is clearly erroneous if the Court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

Because Samaroo is proceeding *pro se*, the Court construes his submissions "liberally" and interprets them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted).

## DISCUSSION

In his objections, Samaroo makes arguments that are not relevant to BNYM's motion for sanctions and do not otherwise address the contents of the R&R. *See generally* Objs. Construing Samaroo's submission "liberally" and interpreting it "to raise the strongest arguments" that the objections suggest, *Triestman*, 470 F.3d at 474 (citations omitted), the Court finds that Samaroo raises no specific objection to the R&R. Accordingly, the Court reviews the R&R strictly for clear error. *See, e.g.*, *Wallace*, 2014 WL 2854631, at *1; *Oquendo*, 2014 WL 4160222, at *2. The Court finds no clear error in Judge Parker's thorough and well-reasoned R&R.

## CONCLUSION

For the foregoing reasons, Samaroo's objections are OVERRULED, the R&R is ADOPTED in full, and BNYM's motion for sanctions, ECF No. 53, is DENIED.[2]

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 53 and close the case.

SO ORDERED.

Dated: September 25, 2025
      New York, New York

ANALISA TORRES
United States District Judge

---

[2] In the R&R, Judge Parker recommends that the Court "consider issuing an Order to Show Cause as to why a bar order should not be imposed barring [Samaroo] from filing any [*in forma pauperis*] cases against BNYM without prior leave of Court." R&R at 7. Judge Parker reasons that "[s]uch a bar order will prevent [Samaroo] from attempting to relitigate claims that are not legally cognizable and burdening both the Court and BNYM with such claims." *Id*. at 6–7. Although this recommendation is sensible, the Court declines to issue a show cause order.